UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Daniel R. Bengtson,

                Plaintiff,

vs.

Capital One Bank,

                Defendant.

Case No. 13-cv-262

**<u>Affidavit of Fran Steinberger in Support of Capital One's Partial Motion for Summary Judgment</u>**

---

| COMMONWEALTH OF VIRGINIA | ) |
|---|---|
|  | ) ss. |
| COUNTY OF GOOCHLAND | ) |

    I, Fran Steinberger, first being duly sworn, state as follows:

    1.    I am employed as a Sr. Legal Specialist for Capital One Services, LLC, an affiliate and service provider to Capital One Bank (USA), N.A. (incorrectly named in the Complaint as "Capital One Bank" and hereinafter "Capital One."). I make this affidavit in support of Capital One's motion for partial summary judgment. I make the statements herein based on my own personal knowledge and upon my review of Capital One's files and records that relate to the plaintiff Daniel R. Bengtson, aka Dino Bengtson. I am competent to testify to the matters herein.

    2.    Mr. Bengtson opened his Capital One credit card on July 31, 2004. Mr. Bengtson opened his account under the name "Dino Bengtson." At the time he opened his credit-card account, Mr. Bengtson agreed to the terms included in the Customer Agreement. A true and correct copy of the controlling Customer Agreement is attached hereto as Exhibit A.

    3.    After opening his account, Mr. Bengtson made periodic purchases with his credit card, and incurred late fees and interest charges when applicable.

    4.    Pursuant to the Customer Agreement, a credit card account may not be closed by a customer until all amounts owed under the Agreement are paid in full, including finance charges and late fees. Also, the Customer Agreement expressly prohibits an accord and satisfaction without prior written approval by Capital One.

    5.    Mr. Bengtson was behind on his payments in November 2006. By January 2007, he had missed three payments and owed a balance of $656.68. Attached hereto as Exhibit B is a true and correct copy of Mr. Bengtson's Dec. 09, 2006 – Jan. 08, 2007 credit-card account statement showing that he owed a balance of $656.68.

6. In early February, 2007, Mr. Bengtson submitted a $100.00 payment along with a letter dated February 2, 2007, in which he stated that the $100.00 payment was a "*final* payment" (emphasis in original) and that if Capital One chose not to accept the $100.00 as payment in full, it had ten days to return the "remaining balance" payment to him. Attached hereto as Exhibit C is a true and correct copy of Mr. Bengtson's February 2, 2007 letter.

7. Capital One received the $100.00 payment and, on February 6, applied it to his outstanding balance. Attached hereto as Exhibit D is a true and correct copy of Mr. Bengtson's Jan. 9, 2007 – Feb. 8, 2007 account statement showing that Capital One received his $100.00 payment and applied it to his account.

8. On February 21, 2007, Capital One responded to Mr. Bengtson's letter and expressly rejected his attempt to make a "final payment" of less than the full balance due on his account. Attached hereto as Exhibit E is a true and correct copy of Capital One's February 21, 2007 letter to Mr. Bengtson.

9. Mr. Bengtson failed to make any additional payments on his account subsequent to the $100.00 payment in February 2007. By July 2007, he was behind by five payments. Attached hereto as Exhibit F is a true and correct copy of Mr. Bengtson's Jun. 15, 2007 – Jul. 14, 2007 account statement.

10. By August 2007, Mr. Bengtson was behind by six payments and was notified that his failure to make payments would be reported to the national credit bureaus. Nonetheless, Mr. Bengtson made no additional payments after the February 2007 payment. Attached hereto as Exhibit G is a true and correct copy of Mr. Bengtson's Jul. 15, 2007 – Aug. 14, 2007 account statement.

11. Capital One charged off Mr. Bengtson's account on September 15, 2007, with a remaining balance of $929.97. After his account had charged off, the account was referred to a collection agency. No further statements were issued until the Credit Card Accountability Responsibility and Disclosure (CARD) Act of 2009 (the "CARD Act") went into effect. Under the terms of the Customer Agreement, Mr. Bengtson was still liable for his unpaid debt, and Capital One had the right to collect on that debt.

12. After the CARD Act was enacted, Capital One began sending Mr. Bengtson quarterly account statements, which it was required to do by the CARD Act. The first quarterly statement sent to Mr. Bengtson was dated March 18 – June 17, 2010. Attached hereto as Exhibit H is a true and correct copy of Mr. Bengtson's March 18 – June 17, 2010 statement.

13. Thereafter, Mr. Bengtson sent Capital One a letter dated October 5, 2010, in which he claimed that Capital One had accepted his February 2007 payment of $100.00 as full satisfaction of his outstanding balance. Attached hereto as Exhibit I is a true and correct copy of Mr. Bengtson's October 5, 2010 correspondence to Capital One.

14. Capital One responded to Mr. Bengtson on November 4, 2010, and again on November 8, 2010, in which it confirmed that his outstanding balance at that time was $1,752.37 and that he was responsible for paying that amount. Attached hereto as Exhibits J and K are true and correct copies of Capital One's November 4 and November 8, 2010 letters to Mr. Bengtson.

15. In September 2011, Capital One again wrote to Mr. Bengtson and expressly told him that his account was "not settled in full" and that his outstanding balance had reached $1,977.83. Attached hereto as Exhibit L is a true and correct copy of Capital One's September 2011 letter to Mr. Bengtson.

16. The last and final quarterly statement that Capital One sent to Mr. Bengtson was dated December 18 – March 17, 2013. Attached hereto as Exhibit M is a true and correct copy of Mr. Bengtson's December 18 – March 17, 2013 statement.

17. Mr. Bengtson's account was closed on April 8, 2013. Because Mr. Bengtson's account is now closed, he will no longer receive any account statements. Further, Capital One is no longer reporting his delinquent account status to the national credit bureaus.

Further your affiant sayeth not.

_____
Fran Steinberger

Subscribed and sworn to before me
this 17th day of May, 2013.

_____
Notary Public

Jessica V. Perez
Commonwealth of Virginia
Notary Public
Commission No. 7154428
My Commission Expires 5/31/2016

3